UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| NAPOLE O N EDMONDSON , <br><br> Appellant, <br><br> v. <br><br> EVA M. LEMEH, <br><br> Appellee. | Case No. 3:25-cv-01230 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Luke A. Evans |

**APPELLANT NAPOLEON EDMONDSON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Appellant Napoleon Edmondson, by and through counsel, respectfully submits these specific objections to the Report and Recommendation entered on May 7, 2026, recommending denial of Mr. Edmondson's Motion for Leave to Appeal the Bankruptcy Court's interlocutory order. Mr. Edmondson requests that the District Court reject the Report and Recommendation, grant leave to appeal under 28 U.S.C. § 158(a)(3), and permit immediate review of the Bankruptcy Court's dismissal of Counts I, II, III, IV, V, XI, and XIII of Mr. Edmondson's Third-Party Complaint.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to a magistrate judge's recommended disposition within fourteen days after service. Under Rule 72(b)(3), the District Judge must determine de novo any portion of the recommended disposition

to which a proper objection is made and may accept, reject, or modify the recommendation, receive further evidence, or return the matter to the magistrate judge with instructions.

The Report and Recommendation concerns Mr. Edmondson's request for leave to appeal an interlocutory bankruptcy order. Appeals from interlocutory bankruptcy orders are authorized under 28 U.S.C. § 158(a)(3). Courts evaluating such motions generally consider the criteria under 28 U.S.C. § 1292(b): whether the order involves a controlling question of law, whether there is substantial ground for difference of opinion, and whether an immediate appeal may materially advance the ultimate termination of the litigation. The Sixth Circuit has recognized those factors in interlocutory appeal analysis**. See In re City of Memphis, 293 F.3d 345, 350–51 (6th Cir. 2002).**

## II. SPECIFIC OBJECTIONS

**Objection No. 1: The Report incorrectly concludes that there is no controlling question of law.**

The Report concludes that no controlling question of law exists because Mr. Edmondson still has a proof of claim in the main bankruptcy case and because certain counterclaims remain pending in the adversary proceeding. Respectfully, that conclusion gives insufficient weight to the nature of the claims dismissed by the Bankruptcy Court.

The Bankruptcy Court's order dismissed Counts I, II, III, IV, V, XI, and XIII of Mr. Edmondson's Third-Party Complaint, including claims pertaining to fraud, forgery, declaratory judgment, quiet title, and rescission of deeds. The dismissed claims are not peripheral. They go directly to the core issue in the adversary proceeding: whether Gwendolyn Wallace ever obtained a valid interest in the subject real property and, therefore, whether the bankruptcy estate has any valid interest for the Chapter 7 Trustee to administer.

The Report itself recognizes that the dispute concerns whether Wallace, who was a caregiver for Mr. Edmondson's father, took advantage of his father's age and dementia and caused him to convey a 50% interest in the family home shortly before his death. The Report also recognizes that Mr. Edmondson's counterclaim seeks to establish him as the sole owner of the property. The ownership issue is therefore central to the bankruptcy case and adversary proceeding, not incidental.

A controlling question of law exists because reversal of the Bankruptcy Court's dismissal order would materially affect the claims, defenses, discovery, settlement posture, and ultimate ownership determination. The question is whether the Bankruptcy Court erred in dismissing, at the Rule 12(b)(6) stage, claims challenging the validity of deeds and transfers based on fraud, forgery, incapacity, undue influence, accrual, and tolling before the factual record was developed. That question is controlling because it determines whether Mr. Edmondson may pursue the direct title-based claims necessary to defeat the Trustee's position that the estate holds an interest in the property.

The Report's reliance on the existence of other remaining claims is misplaced. The remaining claims—such as equitable estoppel, judicial estoppel, breach of oral contract, promissory estoppel, unjust enrichment, and injunctive relief—do not provide the same relief as fraud, forgery, quiet title, declaratory judgment, and rescission of deeds. Alternative equitable or contract-based theories are not a substitute for adjudicating whether the deeds themselves are void, voidable, fraudulent, forged, or subject to rescission. If the dismissed counts are not reinstated, Mr. Edmondson's ability to obtain a complete adjudication of ownership is materially impaired. Accordingly, the first § 1292(b) factor is satisfied.

**Objection No. 2: The Report incorrectly characterizes the issue as mere disagreement with the Bankruptcy Court's factual treatment.**

The Report states that Mr. Edmondson merely disagrees with the Bankruptcy Court's treatment of "factual questions regarding accrual and tolling." Respectfully, the issue is broader and more significant than ordinary factual disagreement.

At the pleading stage, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in favor of the non-moving party. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).** The dismissed claims involved alleged fraud, forgery, incapacity, undue influence, and wrongful acquisition of a property interest from an elderly and allegedly incapacitated person shortly before death. Whether accrual, discovery, fraudulent concealment, incapacity, or equitable tolling can defeat the claims at the Rule 12(b)(6) stage is a legal question. It concerns the legal sufficiency of the pleadings and whether dismissal was appropriate before discovery.

There is a substantial ground for difference of opinion because reasonable jurists could disagree on whether claims involving fraud, forgery, deed validity, and tolling should be dismissed on the pleadings when the factual circumstances surrounding the transfer remain undeveloped. In particular, where the pleaded facts concern a caregiver, an elderly grantor with dementia, alleged exploitation, and a disputed deed transfer shortly before death, the timing and discovery of the wrongdoing are fact-intensive matters. **Matlock v. Simpson,** 902 S.W.2d 384, 386 (Tenn. 1995**).** Such issues are not suitable for dismissal unless the complaint itself conclusively establishes that the claims are barred.

The Report therefore applies the substantial-ground-for-difference standard too narrowly. This is not merely a litigant's dissatisfaction with an adverse ruling. It is a dispute over whether

legally and factually intertwined deed-validity claims can be dismissed before discovery where the pleadings allege circumstances supporting delayed discovery, tolling, fraud, forgery, or incapacity.

**Objection No. 3: The Report incorrectly concludes that an immediate appeal would not materially advance the litigation.**

The Report concludes that an interlocutory appeal would not materially advance the litigation because the adversary proceeding must still proceed through discovery, dispositive motions, mediation, and possible trial on the remaining claims. Respectfully, that conclusion overlooks the practical and legal effect of the dismissed claims.

The dismissed claims go to the threshold issue of whether the bankruptcy estate has a valid property interest at all. If Mr. Edmondson prevails on appeal and the title-based claims are reinstated, the scope of discovery, the parties' settlement positions, the Trustee's ability to administer the property, and the ultimate adjudication of ownership will materially change.

Immediate appeal would also avoid piecemeal and potentially duplicative litigation. If the case proceeds through discovery and trial without the dismissed title-based claims, and those dismissals are later reversed after final judgment, the parties may be required to repeat substantial portions of the litigation. That is precisely the type of inefficiency that interlocutory review can prevent. **In re Baker & Getty Financial Services, Inc., 954 F.2d 1169, 1172 (6th Cir. 1992); Cardwell v. Chesapeake & Ohio Ry., 504 F.2d 444, 446 (6th Cir. 1974).**

The remaining claims do not resolve the same issues in the same way. Claims such as unjust enrichment, promissory estoppel, breach of oral contract, or injunctive relief do not necessarily determine whether the deed or transfer was invalid because of fraud, forgery, incapacity, undue influence, or grounds for rescission. Proceeding without those claims risks an incomplete adjudication of the property dispute.

Immediate review would materially advance the litigation because it would allow the District Court to determine now whether the claims that directly challenge Wallace's alleged ownership interest should be part of the adversary proceeding before the Bankruptcy Court and parties expend resources litigating a narrowed case that may later have to be reopened or retried.

**Objection No. 4: The Report gives insufficient weight to the property-title nature of the dispute.**

This case is not an ordinary dispute over alternative damages theories. It concerns real property and whether a bankruptcy estate has any legitimate interest in that property. The dismissed counts include the direct claims necessary to determine the validity of the deeds and the competing ownership interests.

The Report acknowledges that "who owns how much of the family house" is the subject of the adversary proceeding. That issue cannot be fully adjudicated if Mr. Edmondson is barred from pursuing the claims that directly attack the validity of the transfer and deeds. The title-based claims are central to the dispute, and immediate review is warranted because the Bankruptcy Court's dismissal order affects the structure and substance of the entire adversary proceeding.

**Objection No. 5: The District Court should reject the recommendation and grant leave to appeal.**

For the reasons above, Mr. Edmondson satisfies the requirements for interlocutory review under 28 U.S.C. § 158(a)(3) and the borrowed § 1292(b) standard. The Bankruptcy Court's order presents controlling legal questions concerning dismissal of deed-validity claims, fraud, forgery, accrual, tolling, and ownership at the pleading stage. There is substantial ground for difference of opinion because those issues are fact-intensive and central to the ownership dispute. Immediate appeal will materially advance the litigation by determining now whether the core title-based claims must be litigated in the adversary proceeding.

**Objection No. 6 The Report and Recommendation failed to address Mr. Edmondson's controlling statute-of-limitations argument.**

Mr. Edmondson specifically objects to the Report and Recommendation because it fails to address a controlling legal issue raised in his Motion for Leave to Appeal: whether the Bankruptcy Court applied the wrong statute of limitations to claims seeking rescission, cancellation, quiet title, and other relief affecting title to real property.

The Report characterizes Mr. Edmondson's position as merely a disagreement with the Bankruptcy Court's treatment of "factual questions regarding accrual and tolling." Respectfully, that is incomplete. Mr. Edmondson did not merely argue that the Bankruptcy Court resolved factual accrual and tolling issues incorrectly. He also argued that the Bankruptcy Court applied the wrong statute of limitations as a matter of law.

In his Motion for Leave to Appeal, Mr. Edmondson expressly argued that Tennessee law provides a seven-year limitations period under Tenn. Code Ann. § 28-2-103 for claims seeking to set aside a deed or fraudulent conveyance involving real property, and that the Bankruptcy Court erred by applying the three-year limitations period under Tenn. Code Ann. § 28-3-105. He further argued that even if the claim accrued when the 2019 deed was recorded, the seven-year period would not expire until July 2026, making the 2025 claims timely.

The Report does not analyze Tenn. Code Ann. § 28-2-103. It does not analyze **Orlando Residence, Ltd. v. Nashville Lodging Co.**, No. 01A-01-9606-CH-00256, 1996 WL 724915 (Tenn. Ct. App. Dec. 18, 1996), which holds that an action to set aside a fraudulent conveyance of land is governed by the seven-year statute of limitations. See also, **Jordan v. Marchetti**, No. 01A01-9607-CH-00340, 1997 WL 629955, at *3 (Tenn. Ct. App. Oct. 14, 1997) ("Because

Jordan's cause of action seeks to set aside an allegedly fraudulent conveyance, and does not seek damages, it is governed by the seven-year statute of limitations set forth in Tennessee Code Annotated § 28-2-103.") It does not analyze **Benz-Elliott v. Barrett Enterprises, LP**, 456 S.W.3d 140 (Tenn. 2015), which requires courts to determine the applicable limitations period by identifying the gravamen of the claim. And it does not address the distinction between an ordinary tort claim for injury to property and an equitable title-based claim seeking rescission, cancellation, quiet title, or recovery of land.

That omission is material. The correct limitations period is a pure question of law. A Rule 12(b)(6) dismissal is also a question of law subject to de novo review. **Mertik v. Blalock**, 983 F.2d 1353, 1356 (6th Cir. 1993). If the Bankruptcy Court applied the wrong statute of limitations, then the dismissal of Counts I, II, III, IV, V, XI, and XIII was legal error. That issue could materially affect the outcome of the case because those dismissed claims go directly to whether Wallace obtained a valid interest in the real property and whether the bankruptcy estate has any interest for the Trustee to administer.

Accordingly, the Report should be rejected because it did not address Mr. Edmondson's central legal argument that the Bankruptcy Court applied the wrong statute of limitations. The District Court should review that issue de novo, sustain this objection, grant leave to appeal, and allow review of the Bankruptcy Court's dismissal order.

**Objection No. 7. The Report Failed to Address Tolling, Equitable Estoppel, and the Legal Effect of the Prior Settlement Agreement**

The Report further errs by failing to address the tolling effect of the prior settlement agreement signed by Wallace. In response to the motion to dismiss, Mr. Edmondson argued that

the prior settlement agreement bears directly on accrual, tolling, reliance, waiver, and whether Wallace may assert a statute-of-limitations defense. Tennessee law recognizes that equitable estoppel may toll limitations where a defendant's conduct misled the plaintiff into delaying suit. **Fahrner v. SW Manufacturing, Inc**., 48 S.W.3d 141, 145–46, 164 (Tenn. 2001). Tennessee also recognizes fraudulent concealment and equitable estoppel as doctrines that toll limitations or prevent reliance on limitations as a defense. **Redwing v. Catholic Bishop for Diocese of Memphis**, 363 S.W.3d 436, 460–61 (Tenn. 2012).

Dismissal on limitations grounds under Rule 12(b)(6) is proper only when the pleadings affirmatively show that the claim is time-barred. **Cataldo v. U.S. Steel Corp**., 676 F.3d 542, 547 (6th Cir. 2012). Here, the prior settlement agreement creates at least a plausible issue as to tolling, equitable estoppel, delayed accrual, waiver, and reliance. The Report does not meaningfully address that agreement. Therefore, the Report could not properly conclude as a matter of law that the title-based claims were untimely, and the dismissal of those claims should be rejected or reversed.

## III. CONCLUSION

Mr. Edmondson respectfully requests that the District Court sustain these objections, reject the Report and Recommendation, grant Mr. Edmondson's Motion for Leave to Appeal, and permit immediate appellate review of the Bankruptcy Court's order dismissing Counts I, II, III, IV, V, XI, and XIII of the Third-Party Complaint.

Respectfully submitted,

**Wade Law Firm**

*/s/ Lorraine Wade*

Lorraine Wade, BPR No. 22331

199 Enon Springs Rd W Suite 100
Smyrna, Tennessee 37167
Lorrainewade@wadelaw.net
(615) 915.0289
*Counsel for Defendant, Third-Party Napoleon Edmondson*

## CERTIFICATE OF SERVICE

This document was sent via the Federal Court Court's electronic filing system, via electronic mail and U.S. Mail to the following:

Justin T. Campbell

Thompson Burton

1801 West End Ave Suite 1550,

 Nashville, Tennessee 37203

email justin@thomsonburton.com

On this 20th day of May 2026

s/Lorraine Wade/s