# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| NAPOLEON EDMONDSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-01230 |
| | ) | |
| EVA M. LEMEH, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Before the Court is the Report and Recommendation by Magistrate Judge Luke A. Evans ("R&R") (Doc. No. 10) recommending that the Court deny Napoleon Edmondson's motion for leave to appeal the bankruptcy court's interlocutory order (Doc. No. 5). Edmondson objects that the R&R (1) incorrectly concludes that there is no controlling question of law; (2) incorrectly characterizes the issue as mere disagreement with the bankruptcy court's factual treatment; (3) incorrectly concludes that an immediate appeal would not materially advance the litigation; (4) gives insufficient weight to the property-title nature of the dispute; (5) should have recommended granting leave to appeal; (6) failed to address Edmondson's statute-of-limitations argument; and (7) failed to address tolling, equitable estoppel, and the legal effect of the prior settlement agreement. (Doc. No. 11 at 2–9).

The Court has conducted a de novo review of the portions of the R&R to which Edmondson objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The Court agrees with the Magistrate Judge that Edmondson has not shown that this is the exceptional case warranting interlocutory review under 28 U.S.C. § 158(a)(3). (Doc. No. 10 at 3–4). Courts evaluating requests to appeal interlocutory bankruptcy orders apply 28 U.S.C. § 1292(b). That statute requires considering

whether the bankruptcy order (1) "involves a controlling question of law as to which there is substantial ground for difference of opinion," and (2) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Edmondson has not made either showing. First, he has not shown that his proposed appeal presents a controlling legal question as to which substantial grounds for difference of opinion exist. The Bankruptcy Court simply applied Tennessee's statute of limitations to several of Edmondson's counterclaims and concluded that those claims were untimely. Edmondson's disagreement with the Bankruptcy Court's application of settled law does not establish a substantial ground for difference of opinion warranting interlocutory review.

Second, Edmondson has not shown that an immediate appeal would materially advance the ultimate termination of the litigation. On the contrary, interlocutory review would halt an ongoing bankruptcy proceeding where several of Edmondson's counterclaims remain pending. Discovery and the ordinary bankruptcy process may further develop or resolve the issues Edmondson seeks to raise. Under these circumstances, the Court declines to interfere with the Bankruptcy Court's management of the adversary proceeding before entry of a final appealable order.

Accordingly, Edmondson's objections (Doc. No. 11) are **OVERRULED**, the R&R (Doc. No. 10) is **ADOPTED**, and Edmondson's Motion for Leave to Appeal (Doc. No. 5) is **DENIED**. The Clerk shall close the file.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2